[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11973

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 2, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 07-00775-CV-W-S

PAULA F. DEFRANK,

Plaintiff-Appellant,

versus

ARMY FLEET SUPPORT, L.L.C.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(February 2, 2010)

Before CARNES, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

This case arises under Section 504 of the Rehabilitation Act of 1973, 29

U.S.C. §§ 710-718. Plaintiff-Appellant Paula F. DeFrank claims that she was

subjected to adverse employment actions by Defendant-Appellee Army Fleet

Support ("Army Fleet") on account of her disabilities. The United States District Court for the Middle District of Alabama, Judge Watkins, granted summary judgment in favor of Army Fleet upon determining that Army Fleet was not a recipient of "federal financial assistance" and therefore was not amenable to suit under Section 504. On appeal, DeFrank claims that the district court erred by considering evidence and arguments set forth by Army Fleet after DeFrank filed her response to Army Fleet's Motion for Summary Judgment, without giving DeFrank, the non-moving party, an opportunity to respond. DeFrank further claims that summary judgment was improper because Army Fleet received "federal financial assistance" and thus is amenable to suit under Section 504.

We review the district court's ruling on a motion for summary judgment <u>de novo</u>, applying the same legal standards that bound the district court. <u>National Fire Insur. Co. of Hartford v. Fortine Const. Co.</u>, 320 F.3d 1260, 1267 (11th Cir. 2003). Summary judgment is appropriate only if the pleadings, depositions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). All evidence must be viewed in the light most favorable to the non-moving party, and the court must not make credibility determinations or reweigh the evidence. <u>Pritchard v. Southern Co. Servs.</u>, 92 F.3d 1130, 1132 (11th

Cir. 1996). The non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." Rule 56(e)(2).

Plaintiff's argument that she did not have an opportunity to respond to Army Fleet's supplemental evidence is wholly without merit. Plaintiff never objected in the district court to Army Fleet's motion to supplement, and even after the district court granted that motion, Plaintiff failed to proffer rebuttal evidence or seek permission to do so. We decline to entertain Plaintiff's argument for the first time on appeal. Moreover, even if we did entertain Plaintiff's argument, it is clearly without merit.

Plaintiff's allegations that Army Fleet received federal financial assistance in the form of "lean management training," EEOC training, and certain employee benefits are also without merit. First, we reject Plaintiff's argument that the "lean management training" provided by the government constitutes federal financial assistance.[1] The law is well-established that payments by a government agency,

---

[1]     The district court explains that "Lean" management "is a process to reduce waste, to become more efficient, [and] more productive in the work place."

acting as a market participant, do not constitute subsidies[2] which subject the recipient thereof to Section 504 requirements.  See Arline v. Sch. Bd. of Nassau County, 772 F.2d 759, 762 (11th Cir. 1985) (stating in dicta that when "the federal government makes payments for obligations incurred as a market participant such payments do not constitute 'federal assistance'"), *aff'd on other grounds*, School Bd. of Nassau County, Fla. v. Arline, 480 U.S. 273, 107 S. Ct. 1123 (1987); see also DeVargas v. Mason & Hanger-Silas Mason Co., Inc., 911 F.2d 1377, 1382 (10th Cir. 1990) (explaining that a government contract providing favorable terms to the contractor is not federal assistance under Section 504 and holding that the relevant inquiry is whether the government intended to provide a subsidy); Jacobsen v. Delta Airlines, Inc., 742 F.2d 1202, 1209-10 (9th Cir. 1984) (same).

We agree with the district court that Plaintiff failed to adduce evidence sufficient to create a genuine issue of fact that the "lean management training" provided by the government in this case was provided as a subsidy, rather than as a market participant.  The instant contract was a cost plus contract, providing that the government either would reimburse Army Fleet for its cost expenditures or that the government would otherwise make provision for such costs.  For example, the

---

[2]    This Court previously referred to "Federal financial assistance" as being "federal government's provision of a subsidy to an entity."  Shotz v. Am. Airlines, Inc., 420 F.3d 1332, 1335 (11th Cir. 2005).

4

contract expressly provided that the government would furnish materials, supplies, equipment, etc., and that the contract required implementation of improvement initiatives and streamlining techniques such as "lean thinking."

Plaintiff further argues that the EEOC provided training to Army Fleet, and that this constituted a subsidy subjecting Army Fleet to the requirements of Section 504. We disagree. First, in Plaintiff's initial brief on appeal, Plaintiff mentions this EEOC training only as part of Plaintiff's argument that Plaintiff did not have an opportunity in the district court to respond to Army Fleet's supplemental evidence. In other words, Plaintiff's initial brief on appeal did not challenge the merits of the district court's decision, or the rationale thereof, with respect to this issue. Accordingly, the Plaintiff is deemed to have abandoned any challenge to the merits. In any event, Plaintiff's argument is without merit. We agree with the district court that the Plaintiff failed to adduce sufficient evidence to create a genuine issue of material fact that this EEOC training constituted a subsidy subjecting the recipient thereof to Section 504 requirements. To the contrary, the evidence indicated that such EEOC training was widely available upon request, and therefore is clearly not a subsidy for purposes of Section 504.

Finally, Plaintiff argues that the facts that employees of Fort Rucker's Soldier Center provided advice and handed out materials to Army Fleet employees

5

at Army Fleet's health and wellness days, and that Fort Rucker permitted Army Fleet employees to use its Physical Fitness Center, constitute subsidies subjecting Army Fleet to the requirements of Section 504. Again, we disagree. The record is clear that these benefits were widely available to persons with connections to Fort Rucker and/or the military, as well as to employees of Army Fleet. As in U.S. Department of Transportation v. Paralyzed Veterans of America, 477 U.S. 597, 106 S. Ct. 2705 (1986), these benefits were made available to individual employees, and not to Army Fleet. As in Paralyzed Veterans, Army Fleet is a mere beneficiary, amongst other beneficiaries. Moreover, Plaintiff adduced insufficient evidence to create a genuine issue of material fact that these benefits were intended as subsidies.[3]

For the foregoing reasons, we affirm the district court's grant of summary judgment.

AFFIRMED.

---

[3] Plaintiff argued that two other "benefits" constituted "Federal financial assistance" to Army Fleet – "new equipment" training provided to Army Fleet employees by military personnel, and the "loan" to Army Fleet of government-owned real and personal property. Both of these "benefits" were actually required by Army Fleet's contract. As Plaintiff effectively conceded at oral argument, these two categories of benefits also cannot be considered "Federal financial assistance" in this case.